## THE GOOD HOPE.[1]

### HILLARD et al. v. THE GOOD HOPE.

*(District Court, E. D. New York. November 13, 1889.)*

ADMIRALTY—TENDER—COSTS.
 A payment of money into court, on plea of tender, at the filing of the answer, will not affect the question of costs, unless it is specified how much is tendered as payment of the claim, and how much for costs.

In Admiralty.
*Goodrich, Deady & Goodrich,* for libelants.
*Carpenter & Mosher,* for claimants.

BENEDICT, J. In this case, which is brought by the owners of the tug George G. Meade to recover salvage compensation for services rendered the barge Good Hope, in towing that vessel away from the fire which broke out at the oil docks upon the steamer Hafis, then lying on the upper side of the pier at the foot of North Eleventh street, Brooklyn, in October, 1888. The proofs show a salvage service, but not of a high character. Fifty dollars will, I think, be a proper compensation for a service of the character in question. The decree will therefore be for the sum of $50, and it must carry costs; for the payment into court, at the filing of the answer, of $80, upon a plea of tender after suit brought, is without effect upon the question of costs, because of uncertainty. The statement of the answer is that the value of the services, with the libelant's accrued, taxable costs, does not exceed the sum of $80, which sum the claimants deposited in court. But how much was tendered for services, or how much for costs, nowhere appears. For all that appears, $10 may have been tendered for services and $70 for costs. In order to make the payment into court available, the sum paid in for services should have been stated. Let a decree be entered for the sum of $50, and the costs of the cause, to be taxed.

[1] Reported by Edward G. Benedict, Esq., of the New York bar.